**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

**KAREN BLACK,**

**Plaintiff,**

**vs.**

**PRISMA HEALTH, a Domestic Non-Profit Company,**

**Defendant.**
______________________________________ /

**CASE NO.:** 3:26-cv-05190-SAC-TER

**Jury Demanded**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN BLACK ("Plaintiff"), by and through undersigned counsel, file this Complaint against Defendant, PRISMA HEALTH, a Domestic Non-Profit Company ("PRISMA" or "Defendant") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.,* as amended by the Equal Pay Act, 29 U.S.C. §§206(d) ("EPA"), and is brought to recover unpaid overtime and for retaliation for reporting unpaid overtime, as well as to remedy discrimination on the basis of sex in the payment of wages, and in support, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff worked for PRISMA in Richland County, South Carolina.

2. At all times material hereto, PRISMA was, and continues to be, a Domestic Non-Profit Company engaged in business in Greenville County, South Carolina.

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA and EPA to obtain a judgment against Defendant as to unpaid wages, liquidated damages, damages for retaliation and for failure to pay equal wages on the basis of sex, and reasonable attorneys' fees and costs.

4. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §201 *et seq*.

**PARTIES**

5. PRISMA is a Domestic Non-Profit Company, with its principal place of business located in Greenville, South Carolina.

6. At all times material hereto, Defendant was, and continues to be, a Domestic Non-Profit Company conducting business across the country, and internationally.

7. At all times material hereto, Plaintiff was, and continues to be, a resident of Richland County, South Carolina.

8. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and EPA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and EPA.

10. At all times material hereto, Defendant is, and continues to be, "an enterprise engaged in commerce."

11. At all times material hereto, Defendant is, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA and EPA.

12. At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including, medical equipment, telephones, desks, chairs, and computers,

which were used directly in furtherance of Defendant's business.

## FACTUAL ALLEGATIONS

14. In the three years prior to the date this Complaint is filed, Plaintiff has worked for Defendant as a Courier Supervisor and continues to work for Defendant in this position.

15. Until February 2026, Defendant failed to pay Plaintiff all owed overtime premiums, specifically for shifts Plaintiff was scheduled to work answering calls after her regular shift ended.

16. In February 2026, Plaintiff raised this issue to Defendant, and Defendant then began paying Plaintiff the appropriate premiums for these call-answering shifts.

17. Upon information and belief, another Courier Supervisor working in South Carolina, a male, had been correctly paid all overtime premiums, including for the call-answering shifts, since before February 2026.

18. Plaintiff is a female.

19. The roles are identical, and require the same experience, ability, education, and training.

20. Defendant has violated 29 U.S.C. §206 (d) from at least December 2023, through the present, by failing to pay Plaintiff, a female employee, the same wages as employees of the opposite sex for equal work on jobs the performance of which required equal or lesser skill, effort, and responsibility, and which were performed under similar working conditions.

21. Defendant's failure and/or refusal to properly compensate Plaintiff the wages required by the EPA was willful, as Defendant knew, or with reasonable diligence should have known, of the EPA's mandates and their applicability to Plaintiff's employment, but failed to pay her wages that it paid to employees of the opposite sex for equal work on jobs the performance

of which required equal or lesser skill, effort, and responsibility, and which were performed under similar working conditions.

22. Between December 2023 and February 2026, in most workweeks, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

23. Between December 2023 and February 2026, Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

24. Plaintiff should be compensated at the rate of one and one-half times her regular rate of pay for those all hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA.

25. Defendant has violated Title 29 U.S.C. 207§ during the term of Plaintiff's employment, in that:

a. Plaintiff worked in excess of forty (40) hours in one or more workweeks from December 2023 to the present; and

b. No payments or provisions for retro-payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek prior to February 2026, as provided by the FLSA.

26. Defendant's failure to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek was knowing or in reckless violation of the law, as Defendant was specifically aware of its obligation to pay overtime premiums to Plaintiff, and therefore knew or with reasonable diligence should have known that Plaintiff should have been paid overtime premiums for the shifts she was scheduled to work

answering calls.

27. Defendant's conduct is also demonstrably willful because, upon information and belief, it paid her male counterpart overtime premiums for the same type of shifts for which Plaintiff was not paid such overtime premiums.

28. Despite knowing that Plaintiff worked significant overtime hours prior to February 2026 for which she was not paid overtime premiums, Defendant has made no effort to pay Plaintiff the owed overtime premiums for these overtime hours.

29. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

30. Plaintiff complained to Defendant about the unlawful failure to pay required overtime premiums.

31. Defendant began paying the appropriate premiums, but significantly reduced Plaintiff's hours immediately following her complaint.

32. Plaintiff is aware that the hours of other Courier Supervisors, who did not complain about overtime violations, were not reduced at the time Plaintiff's hours were reduced.

33. Upon information and belief, Plaintiff's hours were reduced because she complained about the failure to pay her owed overtime premiums.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C. §206 (d)

34. Plaintiff incorporates paragraphs 1 through 21 as though fully set forth herein.

35. Plaintiff is a female Courier Supervisor working for Defendant.

36. Plaintiff and a male Courier Supervisor in South Carolina each performed work on call-answering shifts after their regular shifts ended.

37. Upon information and belief, the male Courier Supervisor was paid overtime

premiums for these call-answering shifts, including both before and after February 2026.

38. Plaintiff was not paid overtime premiums for these call-answering shifts until February 2026.

39. Defendant has violated Title 29 U.S.C. §206 (d) from at least December 2023, through the present, by failing to pay Plaintiff, a female employee, the same wages paid to employees of the opposite sex for equal work on jobs the performance of which required equal or lesser skill, effort, and responsibility, and which were performed under similar working conditions.

40. Defendant's failure and/or refusal to properly compensate Plaintiff the appropriate wages required by the EPA was willful, as Defendant knew, or with reasonable diligence should have known, of the EPA's mandates and their applicability to Plaintiff's employment, but chose to not pay her the same overtime premiums it paid to employees of the opposite sex for equal work on jobs the performance of which required equal or lesser skill, effort, and responsibility, and which were performed under similar working conditions.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for worked performed at a lesser rate than her male counterparts, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

43. Plaintiff incorporates paragraphs 1 through 16 and 22 through 29 as though fully set forth herein.

44. In the three years preceding the date this Complaint is filed, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of at least one and one-half times the regular rate of pay for all hours over forty (40).

45. Plaintiff is owed overtime compensation for all hours worked over forty in a workweek in the three years before the date this Complaint is filed.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT III**
**RETALIATION IN VIOLATION OF §215(a)(3)**

49. Plaintiff incorporates paragraphs 1 through 16 and 22 through 33 as though fully set forth herein.

50. Plaintiff complained to Defendant about its unlawful failure to pay required overtime premiums.

51. Immediately after Plaintiff's Complaint, Defendant significantly reduced Plaintiff's hours.

52. Other Courier Supervisors who did not complain about unpaid overtime did not have their hours reduced as Plaintiff's hours were reduced.

53. Defendant discriminated and retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3) because she complained about Defendant's unlawful failure to pay overtime.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for the following relief:

a. An award to Plaintiff overtime compensation in the amount due to them for time worked in excess of forty (40) hours in a workweek;

b. An award of an equal amount as liquidated damages on all amounts awarded under the FLSA and EPA;

c. An award of all economic damages Plaintiff suffered as a result of the retaliation against her, including but not limited to back pay and front pay;

d. Compensatory damages Plaintiff suffered as a result of Defendant's retaliatory conduct;

e. An award of Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. An award of pre- and post-judgment interest on any amounts as to which liquidated damages are not awarded; and

g. Any and all other relief that the Court deems just.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 27th day of October 2026.

*/s/ Joseph S. Sandefur*_____
Joseph S. Sandefur, Esq.
SC Bar No. 75310 FED: 10238
Angeli Murthy, Esq.,
*Pro Hac Vice Forthcoming*
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail : jsandefur@forthepeople.com
E-mail: Amurthy@forthepeople.com
*Attorneys for Plaintiff*